UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JARVIS AUSTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>INTERNAL REVENUE SERVICE (IRS) ET. AL.,<br><br>    Defendant. | Case No. 21-cv-02637-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING AS MOOT MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 29, 54 |

Pending before the Court is a motion filed by Defendant United States to dismiss pro se Plaintiff George Jarvis Austin's Complaint. Dkt. No. 29.[1] Because the Court agrees with Defendant that Plaintiff fails to establish a waiver of the United States' sovereign immunity or state a claim upon which relief can be granted, the Court **GRANTS** Defendant's motion to dismiss with leave to amend.

## I. BACKGROUND

On April 9, 2021, Plaintiff filed the Complaint alleging that he is owed a tax refund for 2019 which Defendant has failed to pay. *See* Dkt. No. 1 ("Complaint").[2] Plaintiff alleges that he

---

[1] Though Plaintiff did not file an opposition to the motion to dismiss, he did file an "Affidavit" five days after Defendant filed the motion. *See* Dkt. No. 32. Plaintiff's Affidavit compares the actions he has taken with the "IRS's publicly accessible 'Taxpayer Bill of Rights #5.'" Even if Plaintiff intended for this Affidavit to serve as his opposition to the motion to dismiss, the Court finds that it would not change the result.

[2] On January 26, 2022, after the Rule 15 deadline to amend as a matter of right had passed and well after the Court had taken Defendant's motion to dismiss under submission, Plaintiff filed an amended complaint. Dkt. No. 52. Plaintiff then filed a motion for leave to file the amended complaint. Dkt. No. 54. Plaintiff's proposed amended complaint suffers from the same defects as his original Complaint. Because the Court grants leave to amend in this order, Plaintiff's motion for leave is **DENIED AS MOOT**. Plaintiff is advised that he will get one more opportunity to file an amended complaint, and that any further amended complaint must address the defects detailed in this order.

1    filed a tax return in June 2020 for the 2019 tax year and paid his 2019 taxes in full "via
2    paychecks." *Id.* at 2-3, 5.  Plaintiff states that he "timely filed [his] refund claim with the IRS"
3    within the three-year statute of limitations and at least six months prior to filing this suit. *Id.* at 6.
4    Plaintiff alleges that despite numerous attempts to follow up through a variety of channels, such as
5    telephone calls and letters, Plaintiff has yet to receive the refund he is owed for his 2019 taxes. *Id.*
6    at 3.

7    While the majority of Plaintiff's Complaint concerns the 2019 tax refund, Plaintiff also
8    alleges that he "has yet to receive the most recent Stimulus." *Id.* at 4.

## II.  LEGAL STANDARD

A defendant may move for dismissal on grounds that the court lacks subject matter jurisdiction over the action.  Fed. R. Civ. P. 12(b)(1).  It is the plaintiff's burden to establish subject matter jurisdiction.  *See Ass'n of Am. Med. Colls. v. U.S.*, 217 F.3d 770, 778-79 (9th Cir. 2000); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376-78 (1994).  In establishing a federal court's subject-matter jurisdiction, "[t]he plaintiff must allege facts, not mere legal conclusions, in compliance with the pleading standards established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).  "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  A facial attack "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.*  A factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039.

A defendant may also move for dismissal on grounds that the plaintiff has failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  Under Federal Rule of Civil Procedure 8(a), a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097,

1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). For that reason, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations marks and citations omitted). If dismissal is still appropriate, a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation marks and citation omitted). Where leave to amend is appropriate, "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

### III. ANALYSIS

#### A. Tax Refund

"It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Such waiver must be unequivocally expressed, and the Supreme Court has "frequently held . . . that a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign." *Dunn & Black, P.S. v. U.S.*, 492 F.3d

1084, 1088 (9th Cir. 2007) (citation omitted). "The waiver of sovereign immunity is a prerequisite to federal-court jurisdiction." *Tobar v. U.S.*, 639 F.3d 1191, 1195 (9th Cir. 2011). If a plaintiff cannot establish that its action against the United States falls within a waiver of sovereign immunity, the action must be dismissed. *See Dunn & Black*, 492 F.3d at 1088.

Congress has waived the United States' sovereign immunity with respect to civil actions seeking a refund or credit on overpaid taxes. *See* 28 U.S.C. § 1346(a)(1); *see also Imperial Plan, Inc. v. United States*, 95 F.3d 25, 26 (9th Cir. 1996). However, individuals bringing such suits must meet a number of requirements for the waiver of sovereign immunity to apply. Congress has specified that:

> "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a).

For the waiver of sovereign immunity to apply, the taxpayer must pay "the full amount of the contested penalty assessment" and file a claim for refund, which the Internal Revenue Service then either rejects or does not act upon within six months. *Thomas v. U.S.*, 755 F.2d 728, 729 (9th Cir. 1985) (citations omitted). "[T]he filing of a claim with the Internal Revenue Service is a jurisdictional prerequisite to a suit for refund, and, in the absence of a waiver by the government, the taxpayer cannot recover in its suit for refund *on a different ground than that set forth in the claim for refund*." *Dunn & Black*, 492 F.3d at 1091 (emphasis in *Dunn & Black*) (citation omitted).

Treasury Regulations establish a number of additional requirements for claims for tax refunds. "If the refund claim does not meet the requirements of the Code and the regulations, the suit must be dismissed because filing pursuant to the rules is a jurisdictional prerequisite." *Boyd v. U.S.*, 762 F.2d 1369, 1371 (9th Cir. 1985) (citations omitted); *see Washington v. U.S.*, No. 20-cv-5801-TSH, 2021 WL 199279, at *5-8 (N.D. Cal. Jan. 20, 2021) (dismissing refund-related cause of action for failure to show plaintiff made a proper administrative claim with the IRS); *Trakhter v. U.S.*, No. 20-cv-02282-SI, 2020 WL 3971621 (N.D. Cal. July 14, 2020) (dismissing refund suit

4

for failure to comply with jurisdictional prerequisites); *Catholic Answers, Inc. v. U.S.*, No. 09-cv-670-IEG (AJB), 2009 WL 3320498, at *6 (S.D. Cal. Oct. 14, 2009) ("Filing a claim for refund in compliance with 26 U.S.C. § 7422(a) and Treasury Regulation § 301.6402-2(b)(1) is a jurisdictional prerequisite to a suit for a refund.") (citation omitted).[3] A refund claim "must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." 26 C.F.R. § 301.6402-2(b); *see also Provenzano v. U.S.*, 123 F. Supp. 2d 554, 557-58 (S.D. Cal. 2020) (dismissing plaintiff's suit for refund for failure to comply with jurisdictional prerequisites, including a failure to "provide sufficient detail" in the claim submitted to the IRS). "The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury," or it "will not be considered for any purpose as a claim for refund or credit." 26 C.F.R. § 301.6402-2(b). The claim must also be filed within three years from the time the return was filed or two years from the time the tax was paid, whichever expires later. *See* 26 U.S.C. § 6511(a); 26 C.F.R. § 301.6402-2(a). For some claims, Treasury Regulations require that the refund claim be made on a specific, prescribed form. 26 C.F.R. § 301.6402-2(b). For example, individuals can claim an income tax refund on the individual's income tax return or, if the individual has already filed a Form 1040 or 1040A, on Form 1040X. 26 C.F.R. § 301.6402-3.

These requirements were "devised, not as traps for the unwary, but for the convenience of government officials in passing upon claims for refund and in preparing for trial." *Tucker v. Alexander*, 275 U.S. 228, 231 (1927). So when assessing suits for refund, courts remain "mindful that the basic purpose of § 7422(a) and the accompanying regulations are 'to afford the Service an

---

[3] Plaintiff argues that courts have accepted taxpayers' refund claims that do not comply with all statutory and regulatory requirements. *See* Dkt. No. 1 at 7. In support of his argument, Plaintiff cites an unpublished case from the United States District Court for the District of New Jersey, *Purciello v. U.S., Dept. of the Treasury, I.R.S.*, 2:11-cv-4181 (DMC)(MF), 2013 WL 6448108 (D.N.J. Dec. 9, 2013), and a Supreme Court case, *U.S. v. Kales*, 314 U.S. 186, 194 (1941). The Court finds Plaintiff's citations unpersuasive. An unpublished opinion from a trial court in a different Circuit does not control here, and *U.S. v. Kales* is not applicable to the case at hand. The court in *U.S. v. Kales* determined that where a formal refund claim complying with statutory and regulatory requirements is not filed until after the statutory period has expired, an earlier-filed informal claim that gave proper notice can satisfy the statutory period requirement. *Kales*, 314 U.S. at 194.—Here, the timing of the refund claim is not at issue, as Plaintiff alleges he filed his 2019 tax return less than three years ago.

5

opportunity to consider and dispose of the claim without the expense and time which would be consumed if every claim had to be litigated' . . . and 'to prevent surprise on the facts.'" *Lemoge v. U.S.*, 378 F. Supp. 228, 232 (N.D. Cal. 1974) (citations omitted).

Plaintiff alleges that he meets the requirements for bringing a suit for refund. Compl. at 7. Plaintiff states that he "paid disputed taxes in full via paychecks" and that he "timely" filed a refund claim within the three-year statute of limitations. *Id.* at 5-6. Plaintiff also notes that he waited at least six months between filing his refund claim and bringing this case. *Id.* at 6.

While Plaintiff identifies many of the major prerequisites to bringing a tax refund suit, Plaintiff's statements of legal conclusions do not provide the factual allegations necessary to establish subject matter jurisdiction or state a claim. First, the Complaint lacks necessary detail regarding his refund claim. For example, Plaintiff alleges that he filed a refund claim, *see id.* at 6, and that he filed a tax return in June 2020, *see id.* at 2-3. It is unclear, however, whether Plaintiff's refund claim and tax return are one and the same, or if Plaintiff filed a refund claim separate from his tax return. Not only do Treasury Regulations require that refund claims for income tax be submitted on particular forms, but Treasury Regulations also require that, in submitting a refund claim, individuals "set forth in detail each ground upon which a . . . refund is claimed." *See* 26 C.F.R. § 301.6402-2(b); *Provenzano*, 123 F. Supp. 2d at 557-58. This is significant because a taxpayer cannot recover in a lawsuit "for refund *on a different ground than that set forth in the claim for refund*." *Dunn & Black*, 492 F.3d at 1091 (emphasis in *Dunn & Black*) (citation omitted). In other words, Plaintiff can only sue in this Court based on substantially the same claim presented to the IRS. *See Catholic Answers*, 2009 WL 3320498, at *6 ("If the grounds raised in a refund suit are at 'variance' with those presented to the IRS in a claim for refund, the added grounds must be disregarded.") (citations omitted). Plaintiff has not provided any information regarding the content of his refund claim, and so he has provided no plausible basis to conclude that the case falls within the waiver of sovereign immunity necessary to establish jurisdiction. Moreover, without knowing what information Plaintiff provided in his refund claim, the Court cannot conclude that he satisfied the basic purpose of § 7422(a), which is to give Defendant an opportunity to understand and evaluate the specific facts of the claim. *See*

*Lemoge*, 378 F. Supp. at 232.

Second, Plaintiff's Complaint lacks sufficient detail regarding his cause of action. Plaintiff must do more than allege the legal conclusion that the United States failed to issue a refund Plaintiff was owed. Plaintiff needs to allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. at 570. Nowhere in his Complaint does Plaintiff specify the amount he alleges he is owed or the reasons why he is owed a refund. More information is needed both to establish jurisdiction and to state a claim upon which relief can be granted.

### B. Stimulus

In his Complaint, Plaintiff also appears to allege that a stimulus payment was improperly withheld from him. Plaintiff states that "his stimulus check has not been received by him," Dkt. No. 1 at 2, and that he "has yet to receive the most recent Stimulus, either", *id.* at 4. Beyond these two bare allegations, Plaintiff provides no further information. The Court cannot assess Plaintiff's claim without basic facts about his claim, such as what "the most recent Stimulus" means and why Plaintiff believes he is owed money.

With regard to his stimulus payment allegations, Plaintiff has not established that the Court has jurisdiction, nor has he stated a claim upon which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS WITH LEAVE TO AMEND** Defendant's motion to dismiss Plaintiff's Complaint. Should Plaintiff wish to amend his Complaint, he must do so by filing a new complaint by March 7, 2022. If Plaintiff does not file an amended complaint by that date, the Court may dismiss the action with prejudice without further notice. Plaintiff is reminded that he must plead specific and particular facts to support his claims, and the Court cautions Plaintiff to carefully consider the above analysis if he chooses to amend his Complaint. Because the Court grants leave to amend, Plaintiff's motion for leave, Dkt. No. 54, is **DENIED AS MOOT**.

The Court advises Plaintiff that the Legal Help Center at both the San Francisco and Oakland Federal Courthouses provides free information and limited-scope legal advice to pro se

litigants in civil cases. Services are provided by appointment only. An appointment may be scheduled by either: (1) signing up in the appointment book located outside the door of the Legal Help Center in San Francisco or Oakland, or (2) calling (415)782-8982 or emailing federalprobonoproject@sfbar.org.

**IT IS SO ORDERED.**

Dated: 2/9/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge