UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JARVIS AUSTIN,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE (IRS) ET. AL.,<br><br>    Defendant. | Case No. 21-cv-02637-HSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR JUDGMENT IN HIS FAVOR**<br><br>Re: Dkt. No. 68, 69, 73 |

Pending before the court are three motions. First and second are Plaintiff's motions for judgment in his favor, Dkt. Nos. 68, 73, to which Defendant has filed a single opposition, Dkt. No. 70. Third is Defendant's motion to dismiss, Dkt. No. 69, to which Plaintiff has filed an opposition, Dkt. Nos. 71 and 72. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **DENIES** Plaintiff's motions for judgment in his favor and **GRANTS WITH LEAVE TO AMEND** Defendant's motion to dismiss.

**I.  BACKGROUND**

In his second amended complaint, filed on March 2, 2022, Plaintiff alleges that the IRS has failed to pay his 2019 tax refund of $6,160 and that he has not received the $1,400 stimulus payment he should have been paid in 2021. *See* Dkt. No. 63 at 4-6. Regarding the 2019 tax refund, Plaintiff asserts that he properly filed his tax return and has met all administrative claim requirements. *See id.* at 4. Regarding the 2021 stimulus payment, Plaintiff alleges that he contacted the IRS about the missing payment via phone and in writing. *Id.* at 7. Plaintiff also asserts that he mailed a "Demand Letter" to the IRS regarding "the still unreceived stimulus payments of $1,400 issued in 2021 to individuals and families who qualify (which plaintiff is

one)." *Id.* at 7.

## II. LEGAL STANDARD

A defendant may move for dismissal on grounds that the court lacks subject matter jurisdiction over the action. Fed. R. Civ. P. 12(b)(1). It is the plaintiff's burden to establish subject matter jurisdiction. *See Ass'n of Am. Med. Colls. v. U.S.*, 217 F.3d 770, 778-79 (9th Cir. 2000); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376-78 (1994). In establishing a federal court's subject-matter jurisdiction, "[t]he plaintiff must allege facts, not mere legal conclusions, in compliance with the pleading standards established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). A facial attack "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* A factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039.

A defendant may also move for dismissal on grounds that the plaintiff has failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Under Federal Rule of Civil Procedure 8(a), a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). For that reason, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations marks and citations omitted). If dismissal is still appropriate, a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation marks and citation omitted). Where leave to amend is appropriate, "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

### III.  DISCUSSION

#### A.  Plaintiff's Motion for Judgment in His Favor

Plaintiff argues that the Court should enter judgment in his favor because "Defendant has not presented any effective defense as to Plaintiff's allegations of unpaid refund, and stimulus by Defendant, and their subsequent cognizable harms." Dkt. No. 68 at 2, Dkt. No. 73 at 2. Plaintiff styles both his motions as "Motion[s] for Judgment for Plaintiff," Dkt. No. 68 at 2, Dkt. No. 73 at 2, and the two are substantially similar. Because discovery has not yet commenced and Plaintiff argues that "Defendant has not presented any effective defense as to Plaintiff's allegations," Dkt. No. 68 at 2, Dkt. No. 73 at 2, the Court construes Plaintiff's motion as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). FRCP 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."

Fourteen days after Plaintiff filed his second amended complaint, Defendant filed a motion to dismiss Plaintiff's claim regarding the 2021 stimulus payment. *See* Dkt. No. 69. Other than the partial motion to dismiss, Defendant has not filed any other responsive pleading to the second

amended complaint. "Although it is unclear from the language of Rule 12(a) whether service of a Rule 12(b) motion directed at only parts of a pleading extends the time for answering the uncontested parts of the pleading, 'the weight of the limited authority on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion.'" *Dillingham v. Garcia*, Case No. 1:18-cv-00579-LGO-EPG-PC, 2019 WL 6618055, at *8 (E.D. Cal. Dec. 5, 2019) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1346 (3d ed. 2019)). The Court agrees with Defendant that its time to file an answer is tolled pending the Court's decision on its motion to dismiss.

Because the pleadings in this case have not yet closed, Plaintiff's motions for judgment are premature, and the Court **DENIES** them.

### B. Defendant's Motion to Dismiss

Defendant moves to dismiss Plaintiff's claim related to the $1,400 stimulus payment on the grounds that Plaintiff has not established a waiver of the United States' sovereign immunity and the Court therefore lacks jurisdiction. Dkt. No. 69 at 1. As the Court has previously explained, "[i]t is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985); *see* Dkt. No. 57 at 3-7. Such waiver must be unequivocally expressed, and "is to be strictly construed, in terms of its scope, in favor of the sovereign." *Dunn & Black, P.S. v. U.S.*, 492 F.3d 1084, 1088 (9th Cir. 2007) (citation omitted). "The waiver of sovereign immunity is a prerequisite to federal-court jurisdiction." *Tobar v. U.S.*, 639 F.3d 1191, 1195 (9th Cir. 2011). If a plaintiff cannot establish that its action against the United States falls within a waiver of sovereign immunity, the action must be dismissed. *See Dunn & Black*, 492 F.3d at 1088.

Congress has waived the United States' sovereign immunity with respect to civil actions seeking a refund or credit on overpaid taxes, but individuals bringing such suits must meet a number of requirements, including:

> "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously

> or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

26 U.S.C. § 7422(a); *see* 28 U.S.C. § 1346(a)(1); *see also Imperial Plan, Inc. v. United States*, 95 F.3d 25, 26 (9th Cir. 1996). An individual cannot bring a suit for the recovery of any internal revenue tax under § 7422(a) until six months after filing the administrative claim. 26 U.S.C. § 6532.

In March 2021, Congress Enacted the American Rescue Plan Act of 2021 ("ARPA"), 26 U.S.C. § 6428B. Under the ARPA, eligible individuals were provided an advance refund of tax credits of up to $1,400, colloquially known as "stimulus payments." 26 U.S.C. § 6428B(b). The IRS estimated the tax credit for each taxpayer based on past filings and prepaid that amount. *See id.* 6428B(g)(2). Taxpayers who did not receive an advance tax credit despite being eligible could receive it by filing a tax return. *See Griffin v. United States*, Case No. 21-2307T, 2022 WL 1101817, at *2 (Fed. Cl. April 13, 2022).

Plaintiff alleges that he was owed a $1,400 "stimulus payment" and did not receive one. Dkt. No. 63 at 7. Although it has a different colloquial name, his claim is a tax refund claim. *See Griffin*, 2022 WL 1101817, at *2-5. As such, Plaintiff must allege that he filed the necessary administrative claim with the IRS and complied with the timing requirements. Plaintiff alleges he contacted the IRS "via phone" and "in writing" and that he mailed them a "Demand Letter." Dkt. No. 163 at 7. However, Plaintiff does not provide further detail regarding the substance of the claims he submitted to the IRS or when he submitted them. Additionally, Defendant compellingly points out that the earliest Plaintiff could have filed a proper administrative claim "would have been to claim a stimulus payment on his 2021 tax return, and it is thus impossible that six months could have expired from the filing of this claim to the filing of his amended complaint on March 2, 2022." Dkt. No. 69 at 4.

Accordingly, the Court finds that Plaintiff has not plausibly alleged that he meets the

5

requirements for the Congressionally provided waiver of sovereign immunity.[1]

## IV. CONCLUSION

The Court **DENIES** Plaintiff's motions for judgment in his favor and **GRANTS WITH LEAVE TO AMEND** Defendant's motion to dismiss Plaintiff's stimulus payment claim. Should Plaintiff wish to amend his complaint, he must do so by filing a new complaint by September 16, 2022. If Plaintiff does not file an amended complaint by that date, the Court may dismiss the stimulus payment claim with prejudice without further notice. Plaintiff is reminded that he must plead specific and particular facts to support his claims, including explaining how he satisfied the six-month requirement of 26 U.S.C. §6542 before filing this claim, and that the United States, not the IRS, is the proper defendant to name for any claims brought under 26 U.S.C. § 7422.

The Court advises Plaintiff that the Legal Help Center at both the San Francisco and Oakland Federal Courthouses provides free information and limited-scope legal advice to pro se litigants in civil cases. Services are provided by appointment only. An appointment may be scheduled by either: (1) signing up in the appointment book located outside the door of the Legal Help Center in San Francisco or Oakland, or (2) calling (415) 782-8982 or emailing federalprobonoproject@sfbar.org.

**IT IS SO ORDERED.**

Dated: August 19, 2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] The Court also notes that the proper defendant in this case is the United States, and not the IRS. Plaintiff's claim seeks relief under 26 U.S.C. § 7422, which specifies that a refund suit "may be maintained only against the United States." 26 U.S.C. § 7422(f)(1).